[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING AND ORDER
In the plaintiffs' brief filed on or about December 28, 1992, there appears a request that this proceeding be dismissed on the grounds that a bond was substituted for the mechanics lien and that no action has been brought on the bond within the time period required by law. This claim means of course that, even if the defendant established probable cause for the validity of the lien and even if the plaintiffs did not meet their burden of proving by clear and convincing evidence that the lien or the amount claimed therein should not be sustained, this proceeding should be dismissed as moot in that the bond that was substituted for the lien is no longer valid.
The court regards the contention for dismissal as an extraordinary one and one that demands full briefing by the parties. In the defendant's brief filed on or about December 14, 1992, no mention is made of any invalidity of the bond.
The parties are ordered to file supplementary briefs by January 29, 1993 which briefs shall be limited to the following issue: Whether the 60 day grace period provided by 49-39 for appeals taken pursuant to 49-35c apply in situations where a bond has been substituted for a lien as permitted by 49-37.
BARNETT, J.